[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Greenwich, Connecticut, on September 9, 1979. The plaintiff has resided continuously in Connecticut for approximately fifteen years. There is one minor child issue of the marriage, Anna, born October 11, 1982. The evidence indicates that this marriage has broken down irretrievably, and judgment may enter dissolving the marriage on that ground.
The plaintiff, who will be 55 years old this month, enjoys good health. She is a registered nurse and works part time at the Greenwich Hospital. She devoted most of her time during this marriage to caring for the child of the parties and the defendant's daughter from a prior marriage.
The defendant, soon to be age 59, also indicated no health problems. He is a physician and surgeon who holds a prominent position at a hospital in New Haven.
Both parties impressed the court as being intelligent, honest and reasonable people. It is unfortunate that they have been unable to resolve the problems that developed during their relationship. Each must assume some responsibility for the breakdown of this marriage, and the court declines to assess fault against only one, party.
The court has carefully considered the criteria set in Connecticut General Statutes Sections 46b-81, 46b-82, 46b-84 and46b-62 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. In accordance with the stipulation of the parties, they shall share joint legal custody of the minor child, Anna, with the primary residence of the child to be with the plaintiff. The defendant shall have rights of reasonable, liberal and flexible visitation.
2. The defendant shall pay as child support the sum of $3,500 per month until the death of the child, her emancipation or until she reaches majority at age 18, whichever event first occurs. If the child should be a full time high school student upon reaching age 18, then in such event the child support shall continue until the earlier of the child's completion of the high school program or her reaching the age of 19 years. CT Page 13524
The court notes that the child support guidelines provide for support in the amount of $327 per week ($1,406 per month). The court has deviated from the guidelines because of its provision for alimony and tax planning considerations.
3. The defendant shall maintain medical and dental insurance for the benefit of the minor child. The defendant shall be responsible for all uninsured and/or unreimbursed medical and dental expenses. The defendant shall be consulted as to any non emergency medical treatments, other than usual office visits, required for the child. Section 46b-84d of the Connecticut Statutes shall apply.
4. The defendant shall maintain $200,000 of insurance on his life for the benefit of the minor child, Anna, for so long as the defendant is obligated to pay child support.
5. The defendant shall pay to the plaintiff as periodic alimony the sum of $4,000 per month. The payments shall continue until the death of either party or the plaintiffs remarriage, whichever event first occurs.
The orders for child support and periodic alimony shall commence on January 1, 1996 and shall be payable monthly in advance in the same amounts and schedule as is currently in place for the pendente lite order. The defendant shall continue to pay the pendente lite order for the month of December, 1995. A contingent wage withholding order may enter.
6. The defendant shall cooperate in affording COBRA coverage for health insurance to the plaintiff. The premiums for the plaintiffs health insurance shall be paid by her.
7. The defendant shall maintain $200,000 of insurance on his life for the benefit of the plaintiff for as long as the defendant is obligated to pay periodic alimony.
8. The defendant shall transfer to the plaintiff by Qualified Domestic Relations Order (QDRO), fifty (50%) percent of his qualified pension benefits from Saint Raphael's Hospital, valued as of December 31, 1995, which shall include any accrued interest or other accretions to the plan accumulated and to be credited to it for the calendar year 1995. In the interim, while the documentation is being processed for the transfer, the defendant CT Page 13525 shall do nothing to impair said plan, or withdraw funds therefrom. The court shall retain jurisdiction to modify the QDRO to comply with federal or state law relating to retirement/pension plans.
9. The defendant shall assign to the plaintiff a fifty (50%) percent interest in the defendant's non-qualified pension plan from Saint Raphael's Hospital, valued as of December 31, 1995, which shall include any accrued interest or other accretions to the plan accumulated and to be credited to it for the calendar year 1995. The court shall retain jurisdiction to enter any orders to effectuate this transfer.
The court understands that there are two portions to the plan. There is a variable annuity and a variable life insurance part. It is the intention of this order that the plaintiff share in both parts of the plan.
10. The defendant shall transfer to the plaintiff the sum of $120,000 from his Paul Revere Annuity Contract number 501418. The court reserves jurisdiction to enter, any further orders to effectuate this transfer.
11. The plaintiff shall retain the ownership of the following assets: the marital residence in Cos Cob, Connecticut; the lot in Inverness, Florida; the jointly owned IBM, Exxon and Disney Company stock; the Home Depot stock in the plaintiff's sole name; the plaintiff's bank accounts at People's Bank; her IRA account and her Paul Revere Flexible Annuity.
12. The defendant shall transfer ownership of the 1987 Nissan automobile to the plaintiff. The plaintiff shall return the MD license plates for this automobile to the defendant within thirty days.
13. The defendant shall retain ownership of the following assets: His People's IRA account; Fidelity Investment account number 4060977; Fidelity Investment account number 4089968; All American contract number C999 AQA 14234403(b) tax sheltered annuity; Mutual Beneficial Life account; the balance of his Paul Revere Annuity Contract in the approximate amount of $61,000; his Lenox Hill Hospital retirement account; his bank accounts and automobile.
14. The plaintiff shall retain the contents of the marital CT Page 13526 residence except for the following items which shall be delivered or made available to the defendant within thirty days: the defendant's tools, (including a ten inch radial saw); his personal effects; his memorabilia; two picture frames; vase; prism; Laura's television and his family records
15. The defendant is ordered to pay toward the plaintiff's attorney's fees the sum of $10,000. The court finds that a total denial of the plaintiff's claim for counsel fees would unduly impair and undermine the other financial awards entered.
16. Each party shall be responsible for the liabilities listed on his and her financial affidavit solely. This includes the plaintiff's obligation of the mortgage on the marital residence.
Judgment may enter accordingly.
NOVACK, J. CT Page 13527